UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON BENOITE, | Case No. 1:24-cv-01407-HBK (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| J. DOERER, et al., | |
| Defendants. | JANUARY 17, 2025 DEADLINE |

Plaintiff, a federal prisoner incarcerated at United States Penitentiary, Atwater, proceeds on his pro se civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1] and the Federal Torts Claim Act ("FTCA"). (Doc. No. 1, "complaint"). Upon review of the complaint, it appears Plaintiff did avail himself of the administrative remedies available through the Bureau of Prison ("BOP") prior to filing suit. A failure to exhaust administrative remedies is fatal to a prisoner's complaint. Prior to recommending dismissal of this action, the Court will afford Plaintiff an opportunity to show cause why the Court should dismiss the complaint for failure to exhaust administrative remedies. Plaintiff is warned that if he commenced this action before exhausting his administrative remedies

---

[1] 403 U.S. 388 (1971).

and he is not excused from the exhaustion requirement, a dismissal on this basis will count as a strike under 1915(g).[2]  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016). Alternatively, because no defendant has yet been served, Plaintiff may file a notice of voluntarily dismissal without prejudice under Federal Rule of Civil Procedure 41 to avoid a strike. After Plaintiff exhausts his administrative remedies, he may refile a new complaint in a new action.

**Applicable Exhaustion Law**

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is condition precedent to filing a civil suit. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citation omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93.

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. A defendant has the burden of showing that "*some* relief remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2005). "To be available, a remedy

---

[2] An inmate who accumulates three or more strikes may be barred from proceeding *in forma pauperis* in future civil actions.

must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Brown*, 422 F.3d at 937).

A prisoner need not plead or prove exhaustion in a *Bivens* action.  Rather, is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement.  *Id.* at 218.[3]  However, where exhaustion is apparent from the face of a complaint, the court is required to dismiss the complaint and the dismissal constitutes a strike under the PLRA.   *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).

In contrast, the timely filing of an administrative claim is a jurisdictional prerequisite to bringing a suit under the FTCA, and it must be affirmatively alleged in the complaint. *See McNeil v. United States*, 508 U.S. 106, 111 (1993).  Unlike a *Bivens* claim, a plaintiff has the burden to plead and prove compliance with the FTCA administrative claim requirements. *Gillespie v. Civiletti*, 629 F. 2d 637, 640 (9th Cir. 1980) (timely filing and denial of an administrative claim is jurisdictional to bring suit under the FTCA and must be alleged in the complaint). *See also Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) ("The FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury.").

**Non-Exhaustion Apparent From Face of the Amended Complaint**

Plaintiff denies that there were administrative remedies available to him at USP-Atwater. (Doc. No. 1 at 4).   Plaintiff claims he "was denied access to administrative remedies and cut off from the world for over 60 days."  (*Id.*).  More specifically, Plaintiff states that USP-Atwater was locked down from August 9 through October 9, 2024. (*Id.*).  Under a section titled "Exhaustion" in his amended complaint, Plaintiff states that during this period he "was denied access to Administrative Remedies and Tort Claims Forms."  (*Id.* at 11).  Notably, Plaintiff does not

---

[3] The Bureau of Prisons ("BOP") grievance process, which is set forth at 28 C.F.R. § 542.13–.19, governs this action.

1  explain whether he has exhausted his remedies after the relevant dates of the lockdown to
2  November 13, 2024, the date he signed his complaint. (*Id*. at 12).

3  Essentially, Plaintiff suggests he should be relieved of the requirement to exhaust
4  administrative remedies because, during the 60-day lockdown, he was unable to access grievance
5  forms. But Plaintiff provides no factual allegations to suggest that the unavailability of grievance
6  forms was anything other temporary. Plaintiff does not demonstrate whether any efforts by him
7  to exhaust administrative remedies after the lockdown ended where thwarted. Thus, he has not
8  complied with the requirement to exhaust administrative remedies. *See, e.g., Talley v. Clark*, 111
9  F.4th 255, 264 (3d Cir. 2024) ("It is true that administrative remedies were temporarily
10 'unavailable' while Talley was on suicide watch without access to writing materials, but that does
11 not excuse his failure to request an extension once he was released and able to complete the
12 necessary forms."); *Smith v. Hendrick*, No. 1:21-cv-1704, 2024 WL 4244831, at *7 (M.D. Pa.
13 Sept. 29, 2024) ("Smith was purportedly denied access to grievance forms during the
14 approximately three-month period that he was housed in the RHU, but he did not request an
15 extension of time to file a grievance once he was removed from the RHU. Smith's failure to
16 request an extension of time once the impediment to filing a grievance was removed constitutes a
17 failure to exhaust administrative remedies.") (*citing Talley*, 111 F.4th at 264); *Roman v. Knowles*,
18 No. 07cv1343-JLS (POR), 2011 WL 3741012, at *7 (S.D. Cal. June 20, 2011) ("Plaintiff does not
19 plead facts sufficient to establish an intentional and systematic obstruction to administrative
20 remedies that, on its own, would render those remedies unavailable, and excuse his inability to
21 exhaust them. Plaintiff's pleadings themselves contain facts sufficient to establish that these
22 remedies were only temporarily unavailable and thus exhaustion should not be excused."); *Dean*
23 *v. Prison Health Servs.*, No. 10-14135, 2011 WL 1630114, at *8 (E.D. Mich. Mar. 28, 2011)
24 ("The mere fact that forms were temporarily unavailable to Plaintiff is insufficient to establish
25 exhaustion") (citing cases).
26   ////
27   ////
28   ////

Accordingly, it is hereby ORDERED:

1. **No later than January 17, 2025**, Plaintiff shall deliver to correctional officials for mailing his response to this order to show cause why this action should not be dismissed for his failure to exhaust his administrative remedies.

2. In the alternative, by the same date, Plaintiff may deliver a notice of voluntary dismissal without prejudice under Federal Rules of Civil Procedure 41(a)(1)(A)(i).[4]

3. Plaintiff's failure to timely to respond to this show cause order will result in the recommendation that this action be dismissed either as a sanction for failure to comply with a court order or prosecute this action consistent with Local Rule 110 and/or for failing to exhaust administrative remedies.

Dated:   December 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[4] This procedural rule vests a plaintiff with authority to voluntarily dismiss an action without prejudice before a party responds to the operative complaint as a matter of law.