UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON BENOITE,<br><br>             Plaintiff,<br><br>    v.<br><br>J. DOERER, et al.,<br><br>             Defendants. | Case No.  1:24-cv-01407-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND PROSECUTE AND/OR FAILURE TO EXHAUST[1]<br><br>14-DAY DEADLINE |

Plaintiff, Shelton Benoite, is a federal inmate proceeding pro se in this civil action. For the reasons set forth below, the undersigned recommends the district court dismiss this action without prejudice for Plaintiff's failure to comply with court orders and prosecute this action.

**BACKGROUND**

On November 18, 2024, Plaintiff filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[2] and the Federal Torts Claim Act ("FTCA"). (Doc. No. 1, "complaint"). Upon review of the complaint, the undersigned determined it was clear that Plaintiff did avail himself of the administrative remedies available through the Bureau

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).
[2] 403 U.S. 388 (1971).

of Prison ("BOP") prior to filing suit, which is fatal to a prisoner's complaint. Consequently, on December 20, 2024, the undersigned issued an Order directing Plaintiff to show cause why the Court should dismiss the complaint for failure to exhaust administrative remedies. (Doc. No. 5 at 5, ¶1). The Court warned Plaintiff that if he commenced this action before exhausting his administrative remedies and he is not excused from the exhaustion requirement, a dismissal on this basis will count as a strike under 1915(g)³ consistent with *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016). (Doc. No. 5 at 3). Alternatively, because no defendant has yet been served, the Court afforded Plaintiff the opportunity to voluntarily dismiss his action without prejudice under Federal Rule of Civil Procedure 41 to avoid a strike. (*Id*. at 5, ¶2). The Court directed Plaintiff to deliver his response to correctional officials for mailing no later than January 17, 2025. (*Id*. at 5, ¶1). Further, the Court expressly warned Plaintiff that a failure to timely to respond to the Court's show cause order will result in the recommendation that this action be dismissed either as a sanction for failure to comply with a court order or prosecute this action consistent with Local Rule 110 and/or for failing to exhaust administrative remedies. (*Id*. at 5, ¶3). As of the date of these Findings and Recommendation, Plaintiff has not responded to the show cause order nor sought an extension of time within which to respond.

**APPLICABLE LAW AND ANALYSIS**

**A. Dismissal Under Local Rule 110 and Federal Rule 41(b)**

This Court's Local Rules "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*

---

³ An inmate who accumulates three or more strikes may be barred from proceeding *in forma pauperis* in future civil actions.

*Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  Here, Plaintiff was appraised that the Court would recommend dismissal as a sanction under Local Rule 110 for failing to comply with a Court order.  Thus, the Court may dismiss this case pursuant to Local Rule 110.

Alternatively, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  In determining whether to dismiss an action under Rule 41(b), the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).  After considering each of these factors, the undersigned concludes dismissal without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021.  *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020).  This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

3

factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. As noted, the Court's December 20, 2024 Order directing Plaintiff to respond to the show cause order expressly warned Plaintiff that his failure to timely comply would result in a recommendation of dismissal of this action for his failure to prosecute this action and as a sanction under the Court's Local Rules and/or for failing to exhaust his administrative remedies. (*See* Doc. No. 5 at 5, ¶ 3). Thus, Plaintiff had adequate warnings that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor. After considering the factors set forth *supra* and binding case law, in the alternative, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

## B. Exhaustion Law Under PLRA and FTCA

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is condition precedent to filing a civil suit. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citation omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner, or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. A defendant has the burden of showing that "*some* relief remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2005). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Brown*, 422 F.3d at 937).

A prisoner need not plead or prove exhaustion in a *Bivens* action. Rather, is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. *Id.* at 218.[4] However, where exhaustion is apparent from the face of a complaint, the court is required to dismiss the complaint, and the dismissal constitutes a strike under the PLRA. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).

In contrast, under the FTCA the timely filing of an administrative claim is a jurisdictional

---

[4] The Bureau of Prisons ("BOP") grievance process, which is set forth at 28 C.F.R. § 542.13–.19, governs this action.

5

prerequisite to bringing a suit, and it must be affirmatively alleged in the complaint. *See McNeil v. United States*, 508 U.S. 106, 111 (1993).  Unlike a *Bivens* claim, a plaintiff has the burden to plead and prove compliance with the FTCA administrative claim requirements. *Gillespie v. Civiletti*, 629 F. 2d 637, 640 (9th Cir. 1980) (timely filing and denial of an administrative claim is jurisdictional to bring suit under the FTCA and must be alleged in the complaint). *See also Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) ("The FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury.").

In his complaint, Plaintiff implies he should be excused from the administrative remedies available to him at USP-Atwater because he "was denied access to administrative remedies and cut off from the world for over 60 days." (Doc. No. 1 at 4).  More specifically, Plaintiff states that USP-Atwater was locked down from August 9 through October 9, 2024.  (*Id*.).  Under a section titled "Exhaustion" in his amended complaint, Plaintiff states that during this period he "was denied access to Administrative Remedies and Tort Claims Forms." (*Id*. at 11).  Notably, Plaintiff does not explain whether he has exhausted his remedies after the relevant dates of the lockdown to November 13, 2024, the date he signed his complaint. (*Id*. at 12).  Plaintiff, however, provides no factual allegations to suggest that the unavailability of grievance forms was anything other temporary.  Plaintiff does not demonstrate whether any efforts by him to exhaust administrative remedies after the lockdown ended where thwarted. Thus, he has not complied with the requirement to exhaust administrative remedies. *See, e.g., Talley v. Clark*, 111 F.4th 255, 264 (3d Cir. 2024) ("It is true that administrative remedies were temporarily 'unavailable' while Talley was on suicide watch without access to writing materials, but that does not excuse his failure to request an extension once he was released and able to complete the necessary forms."); *Smith v. Hendrick*, No. 1:21-cv-1704, 2024 WL 4244831, at *7 (M.D. Pa. Sept. 29, 2024) ("Smith was purportedly denied access to grievance forms during the approximately three-month period that he was housed in the RHU, but he did not request an extension of time to file a

6

1  grievance once he was removed from the RHU.  Smith's failure to request an extension of time
2  once the impediment to filing a grievance was removed constitutes a failure to exhaust
3  administrative remedies.") (*citing Talley*, 111 F.4th at 264); *Roman v. Knowles*, No. 07cv1343-
4  JLS (POR), 2011 WL 3741012, at *7 (S.D. Cal. June 20, 2011) ("Plaintiff does not plead facts
5  sufficient to establish an intentional and systematic obstruction to administrative remedies that, on
6  its own, would render those remedies unavailable, and excuse his inability to exhaust them.
7  Plaintiff's pleadings themselves contain facts sufficient to establish that these remedies were only
8  temporarily unavailable and thus exhaustion should not be excused."); *Dean v. Prison Health*
9  *Servs.*, No. 10-14135, 2011 WL 1630114, at *8 (E.D. Mich. Mar. 28, 2011) ("The mere fact that
10 forms were temporarily unavailable to Plaintiff is insufficient to establish exhaustion") (citing
11 cases).  Thus, in the alternative, the district court may dismiss the complaint for failure to exhaust
12 administrative remedies under the PLRA and FTCA which is apparent from the face of the
13 complaint.
14      Accordingly, it is hereby ORDERED:
15      The Clerk of Court shall randomly assign this case to a district judge for consideration of
16 these Findings and Recommendation.
17      It is further RECOMMENDED:
18      This complaint be DISMISSED without prejudice and the Clerk of Court be directed to
19 CLOSE this case.
20 ////
21 ////
22 ////

### **NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the

7

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     January 27, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE