UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON BENOITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. DOERER, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01407-KES-HBK (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC*; RECALLING FINDINGS AND RECOMMENDATION; AND DENYING MOTION FOR RECONSIDERATION AS MOOT[1]<br><br>(Doc. Nos. 9, 7, 11) |

　　　　Plaintiff, Shelton Benoite, is a federal inmate proceeding pro se on his civil Complaint. (Doc. No. 1). On February 12, 2025, Plaintiff filed a Response to Order to Show Cause (Doc. No. 8), accompanied by a Motion for Extension of Time (Doc. No. 9), and a Motion for Reconsideration (Doc. No. 11).[2]

　　　　On December 20, 2024, the Court issued an order to show cause why this case should not be dismissed for failure to exhaust administrative remedies. (Doc. No. 5, "Show Cause Order"). On January 28, 2025, after not receiving a timely response from Plaintiff nor a request for an extension of time, the Court issued Findings and Recommendations to the district court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

[2] Plaintiff also filed a motion for class certification (Doc. No. 10) that the Court will address by separate order.

1 recommending that this case be dismissed for Plaintiff's failure to prosecute this action, obey a
2 court order, and for failing to exhaust his administrative remedies prior to initiating this action.
3 (Doc. No. 7).

4 In his belated Motion for Extension of time, Plaintiff seeks a "standing" 90-day extension
5 of time for "anything filed in this case." (Doc. No. 9). Plaintiff states that due to delays in the
6 prison's mailroom, he did not receive the Court's orders in a timely manner to response. (*Id.*).
7 Plaintiff accompanies his Motion for Extension of Time with a Response to the Court's Show
8 Cause Order. (Doc. No. 8). The Court does not grant standing "90-day" extensions of time. To
9 the extent that Plaintiff is unable to comply with a court-ordered deadline, he should move for an
10 appropriate extension of time explaining the reason needed for the extension, as appropriate.
11 Federal Rule of Civil Procedure 6(b) provides for extending deadlines for good cause shown, if
12 the request to extend time is made before the existing deadline. Fed. R. Civ. P. 6(b)(1)(A). If
13 made after the time has expired, a party must also show excusable neglect. Fed. R. Civ. P.
14 6(b)(1)(B). Here, the Court finds Plaintiff has demonstrated excusable neglect and good cause
15 and the Court will grant the Motion for Extension of Time *nunc pro tunc* to the limited extent that
16 the Court will consider Plaintiff's belated Response to the Show Cause Order timely.

17 In his Response, Plaintiff contends that administrative remedies were unavailable. (Doc.
18 No. 8 at 4). Accepting Plaintiff's assertions as true, the Court will recall the Findings and
19 Recommendations. A prisoner need not plead or prove exhaustion. Instead, it is an affirmative
20 defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's
21 internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA
22 exhaustion requirement. *Id.* at 218. The Court's recall of the Findings and Recommendations is
23 not a ruling on the merits as to whether Plaintiff properly and fully exhausted his available
24 administrative remedies on any of his claims. The Court will screen Plaintiff's Complaint in due
25 course.

26 Plaintiff also requests the Court to "reconsider any court orders or rulings in this case until
27 it receives Plaintiff's responses." (Doc. No. 11). Here, the Court has granted Plaintiff's belated
28 Motion for Extension of Time, considered Plaintiff's Response to the Show Cause Order, and

recalled the January 28, 2025 Findings and Recommendations. No other orders have issued. Thus, Plaintiff's Motion for Reconsideration is moot.

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion for an extension of time (Doc. No. 9) is GRANTED *nunc pro tunc*.
2. The Court RECALLS the January 28, 2025 Findings and Recommendations (Doc. No. 7).
3. Plaintiff's motion for reconsideration (Doc. No. 11) is DENIED as moot.

Dated:     March 10, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3