1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHELTON BENOITE,                                Case No.  1:24-cv-01407-KES-HBK (PC)

12                        Plaintiff,                  ORDER DENYING PLAINTIFF'S
                                                      CONSTRUED MOTION FOR
13              v.                                    APPOINTMENT OF COUNSEL

14    J. DOERER, et al.,                              (Doc. No. 15)

15                        Defendants.

16

17            Pending before the Court is pro se Plaintiff's construed motion to appoint counsel, filed on

18    April 2, 2025.[1]  (Doc. No. 15, "Motion").  For the reasons set forth below, the Court denies

19    Plaintiff's Motion.

20                                           **BACKGROUND**

21            Plaintiff, a federal prisoner, is proceeding pro se on his initial Complaint.  (Doc. No. 1).

22    The Court granted Plaintiff's application to proceed *in forma pauperis* in this action.  (Doc. No.

23    4).  On March 10, 2025, the Court issued its Findings and Recommendation, currently pending

24

25    [1] Plaintiff titles his motion as a "Motion to Reconsider - Motion to Appoint Counsel."  A motion's
      "nomenclature is not controlling."  *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 527 (9th Cir.
26    1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th
      Cir. 1976)).  Instead, we "construe [the motion], however styled, to be the type proper for the relief
27    requested."  *Id.*

28

1  before the district court, denying Plaintiff's motion to certify a class because a layperson, such as

2  pro se Plaintiff, cannot adequately represent the interests of fellow inmates in a class action.

3  (Doc. No. 13 at 2 (citing *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam)).

4  On April 1, 2025, the Court issued its screening order, finding that Plaintiff's Complaint fails to

5  state a federal claim (Doc. No. 14), to which Plaintiff has yet to respond.  By his instant Motion,

6  Plaintiff seeks appointment of counsel because, as a layperson, he cannot represent the interests

7  of a class.  (Doc. No. 15 at 1).

8                                      **APPLICABLE LAW AND ANALYSIS**

9         The United States Constitution does not require appointment of counsel in civil cases.  *See*

10 *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not

11 create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has

12 discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a

13 civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for

14 people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

15 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

16 citations omitted).  However, motions to appoint counsel in civil cases are granted only in

17 "exceptional circumstances."  *Id*. at 1181.  The court may consider many factors to determine if

18 exceptional circumstances warrant appointment of counsel including, but not limited to, proof of

19 indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his

20 or her claims pro se considering the complexity of the legal issues involved.  *Id*.; *see also Rand v.

21 Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en

22 banc*, 154 F.2d 952 (9th Cir. 1998).

23        Plaintiff has not met his "burden of demonstrating exceptional circumstances."  *Jones v.

24 Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  At the outset, Plaintiff's Complaint

25 was not filed as a class action.  Other than acknowledging that he  may not litigate a class action

26 pro se, Plaintiff's motion provides no other reasons why the Court should appoint counsel.

27 Further, this case procedurally is at the earlier stages of litigation, so it is difficult for the Court to

28 determine Plaintiff's likelihood of success on the merits.  *Wilborn v. Escalderon*, 789 F.2d 1328,

1   1331 (9th Cir. 1986); *see also Reed v. Paramo*, No. 18CV361-JLS (LL), 2020 WL 2767358, at *1

2   (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of success

3   on the merits because fact discovery had not been completed).  Indeed, the Court after screening

4   the operative complaint, determined Plaintiff's initial Complaint failed to set forth sufficient

5   allegations to state a viable federal claim, but afforded Plaintiff the opportunity to file an

6   amended complaint. Thus, Plaintiff has not demonstrated exceptional circumstances that warrant

7   appointment of counsel at this stage of the proceedings.

8          Accordingly, it is **ORDERED**:

9          Plaintiff's motion requesting the appointment of counsel (Doc. No. 15) is DENIED.

10

11   Dated:   April 4, 2025

12                                        HELENA M. BARCH-KUCHTA
                                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28