UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON BENOITE,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN J. DOERER, *et al*.,<br><br>    Defendants. | Case No. 1:24-cv-01407-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT<br><br>(Doc. No. 17)<br><br>ORDER SUA SPONTE GRANTING PLAINTIFF AN EXTENSION OF TIME TO RESPOND TO SCREENING ORDER<br><br>JULY 14, 2025 DEADLINE |

      On November 18, 2024, Plaintiff, a federal prisoner proceeding pro se, filed a complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1] and the Federal Tort Claims Act ("FTCA"). (Doc. No. 1, "Complaint"). On April 1, 2025, the Court issued a Screening Order on Plaintiff's original complaint and found it failed to state a claim upon which relief may be granted. (Doc. No. 14, "Screening Order"). The Court afforded Plaintiff an opportunity to elect one of three options no later than May 15, 2025: (1) file an Amended Complaint; (2); file a notice stating that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court to dismiss the Complaint for the reasons stated in this Screening Order; or (3) file a notice stating he wishes to voluntarily dismiss this

---

[1] 403 U.S. 388 (1971).

1  action without prejudice under Fed. R. Civ. P. 41 to avoid a strike. (*Id*. at 9, ¶1).  If Plaintiff
2  elected to file an amended complaint, he was further appraised that it must be free-standing and
3  complete.  (*Id*. at 8:11-13).

4        On May 9, 2025, seemingly in response to the Screening Order, Plaintiff filed a motion to
5  supplement his complaint.  (Doc. No. 17, "Motion").  Under Federal Rule of Civil Procedure
6  15(d), a plaintiff may supplement a pleading to set forth events occurring after the original
7  complaint was filed.  "While leave to permit supplemental pleading is favored, it cannot be used
8  to introduce a separate, distinct and new cause of action."  *Planned Parenthood of S. Arizona v.*
9  *Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (cleaned up).  Nonetheless, because the Court found
10 Plaintiff's complaint did not state a viable claim, he cannot supplement it by motion.  To the
11 extent Plaintiff seeks to include additional facts in support of his claims identified in his Motion,
12 he may do so in his amended complaint as the Court previously directed in the April 1, 2025
13 Screening Order.

14       Due to Plaintiff's pro se status, the Court sua sponte will grant Plaintiff another
15 opportunity to respond to the Screening Order.  If Plaintiff elects to file an amended complaint,
16 Plaintiff is again cautioned that his amended complaint replaces his original complaint and, thus,
17 it must be freestanding and complete on its face.  *Hal Roach Studios, Inc. v. Richard Feiner &*
18 *Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989).    It cannot reference or incorporate the prior
19 complaint, and it must include all grounds for relief.  *See* Local Rule 220.  The Court urges
20 Plaintiff to use the court's approved complaint form for preparing his amended complaint.
21 Plaintiff must identify each person he believes is responsible for each claim and explain how each
22 defendant was involved and what actions they took or failed to take that caused harm or violated
23 his rights.  Plaintiff should number each claim and present a short plain statement of facts in
24 support of each claim in separate paragraphs.  He should provide a short statement of facts in
25 support of each claim.

26       Accordingly, it is **ORDERED**:
27       1.  Plaintiff's motion to supplement the complaint (Doc. No. 17) is DENIED.
28       2.  The Court sua sponte grants Plaintiff an extension of time to file a response to the

Court's April 1, 2025, the Court issued a Screening Order. Plaintiff must deliver his response to correctional officials for mailing **no later than July 14, 2025**.

3. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

4. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.

Dated: June 12, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3