UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON BENOITE,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN J. DOERER, *et al*.,<br><br>  Defendants. | Case No. 1:24-cv-01407-KES-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(Doc. No. 22)<br><br>AUGUST 11, 2025 DEADLINE |

    Pending before the Court is Plaintiff's construed motion for an extension of time to file an amended complaint filed on July 18, 2025. (Doc. No. 22, "Motion").[1] Although Plaintiff does not specify a precise duration, the Court construes the filing as requesting additional time beyond the previously extended deadline of July 14, 2025. (*See* Doc. No. 19).

    On November 18, 2024, Plaintiff, a federal prisoner proceeding pro se, filed a complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[2] and the Federal Tort Claims Act ("FTCA"). (Doc. No. 1, "Complaint"). On April 1, 2025, the Court issued a Screening Order on Plaintiff's original complaint and found it failed to state a claim upon which relief may be granted. (Doc. No. 14, "Screening Order"). The Court afforded Plaintiff an opportunity to elect one of three options no later than May 15, 2025: (1) file an amended

---

[1] Plaintiff signed and dated the Motion on July 3, 2025.
[2] 403 U.S. 388 (1971).

complaint; (2); file a notice stating that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court to dismiss the Complaint for the reasons stated in the Screening Order; or (3) file a notice stating he wishes to voluntarily dismiss this action without prejudice under Federal Rule of Civil Procedure 41 to avoid a strike.  (*Id*. at 9, ¶1). On June 12, 2025, the Court sua sponte extended the deadline to July 14, 2025. (Doc. No. 19, "June 12, 2025 Order").

Rule 6(b) permits the extension of deadlines for good cause shown, provided the request is made before the current deadline expires.  Fed. R. Civ. P. 6(b)(1)(A).  In his Motion, Plaintiff asserts that he received the June 12, 2025 Order only one week prior to filing the instant Motion, allegedly due to mail delays caused by "illegal activities."  Plaintiff further states that "more than a week" is required to prepare a freestanding amended complaint, as directed by the Court in the June 12, 2025 Order.  Based on Plaintiff's pro se status and incarceration, the Court finds good cause to grant a **final** twenty-one (21) day extension.

Accordingly, it is **ORDERED**:

1. Plaintiff's construed motion for extension of time (Doc. No. 22) is GRANTED.
2. **No later than August 11, 2025**, Plaintiff shall deliver to correctional officials for mailing: (a) an amended complaint; (b) a Notice to Stand on his Complaint as screened subject to the undersigned recommending the district court to dismiss this complaint for the reasons stated in the April 1, 2025 Screening Order; or (c) a "Notice to Voluntarily Dismiss Action" under Federal Rule of Civil Procedure 41.
3. Plaintiff's failure to timely comply with this Order will result in the recommendation that this action be dismissed, either as a sanction for failure to comply with a court order or for failure to prosecute this action consistent with Local Rule 110.

Dated:   July 19, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE