1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHELTON BENOITE,                      Case No.  1:24-cv-01407-KES-HBK (PC)

12                   Plaintiff,            FINDINGS AND RECOMMENDATION TO
                                           DISMISS CASE WITHOUT PREJUDICE FOR
13          v.                             FAILURE TO COMPLY WITH COURT
                                           ORDER AND TO PROSECUTE
14   J. DOERER, et al.,
                                           FOURTEEN DAY DEADLINE
15
                    Defendants.
16

17          Plaintiff, Shelton Benoite, is a federal prisoner proceeding pro se and *in forma pauperis* in

18   this civil action.  For the reasons set forth below, the undersigned recommends the district court

19   dismiss this action without prejudice for Plaintiff's failure to comply with court orders and

20   prosecute this action.

21                              **BACKGROUND**

22          On November 18, 2024, Plaintiff filed his Complaint pursuant to *Bivens v. Six Unknown*

23   *Named Agents of the Federal Bureau of Narcotics*[1] and the Federal Tort Claims Act ("FTCA").

24   Pursuant to 28 U.S.C. § 1915A, the undersigned screened the Complaint and determined it failed

25   to state a federal claim.  ( "Screening Order" Doc. No. 14).  To continue the prosecution of this

26   action, the Court directed Plaintiff to either file a first amended complaint, file a notice to stand

27   _____

28   [1] 403 U.S. 388 (1971).

on his complaint as screened, or file a notice to voluntary dismiss his claims no later than May 15, 2025. (*Id.* 8-9). The Court warned Plaintiff that, if he failed to timely comply with the order or seek an extension of time to comply, the undersigned would recommend the district court dismiss this action as a sanction and for failing to comply with the court order and prosecute this action. (*Id.* at 9, ¶ 2). On June 12, 2025, the Court sua sponte granted Plaintiff an extension of time until July 14, 2025 to comply with the Screening Order. (Doc. No. 19). Again, on July 21, 2025, the Court granted Plaintiff a further extension of time until August 11, 2025 to comply

As of the date of these Findings and Recommendation, Plaintiff has not responded to the Screening Order, despite being afforded extensions, and the deadline to comply has well expired.[2]

**APPLICABLE LAW AND ANALYSIS**

A. Dismissal Under Local Rule 110 and Federal Rule 41(b)

This Court's Local Rules provides that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Additionally, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). In determining whether to dismiss an action

---

[2] As of the date of the issuance of these Findings and Recommendation, more than four months has passed since the original May 15, 2025 deadline and more than 40 days has passed since the August 11, 2025 extended deadline.

1   under Rule 41(b), the Court must consider several factors: (1) the public's interest in expeditious

2   resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the

3   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

4   availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d

5   1439, 1440 (9th Cir. 1988).

6          B.  Discussion

7          Considering Local Rule 110, the court appraised Plaintiff in its Screening Order

8   that the Court would recommend dismissal as a sanction for failing to comply with a Court order.

9   (*See* Doc. No.  14 at 9, ¶ 2).  The Court further warned Plaintiff in granting each of the extensions

10  of time that a recommendation of dismissal would issue if he did not respond to the Screening

11  Order.  (*See* Doc. No. 19 at 3, ¶ 3 and Doc. No. 23 at 2, ¶ 3).  Thus, the Court may dismiss this

12  case pursuant to Local Rule 110.

13         With regards to the factors under Rule 41, the undersigned concludes dismissal without

14  prejudice is also warranted in this case.  As to the first factor, the expeditious resolution of

15  litigation is deemed to be in the public interest.  *Yourish v. California Amplifier*, 191 F.3d 983,

16  990-91 (9th Cir. 1999).

17         Turning to the second factor, this Court's need to efficiently manage its docket cannot be

18  overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in

19  filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated

20  under a declared judicial emergency through May 2, 2021.  *See In re Approval of the Judicial*

21  *Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020).  This

22  Court's time is better spent on its other matters than needlessly consumed managing a case with a

23  recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to

24  litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor

25  weighs in favor of dismissal.

26         Delays inevitably have the inherent risk that evidence will become stale, or witnesses'

27  memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

28  factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice

1    to defendant—weighs in favor of dismissal since a presumption of injury arises from the

2    unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir.

3    1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

4    the third factor weighs in favor of dismissal.

5          The fourth factor usually weighs against dismissal because public policy favors the

6    disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

7    However, "this factor lends little support to a party whose responsibility it is to move a case

8    toward disposition on the merits but whose conduct impedes progress in that direction," which is

9    the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

10   1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on

11   multiple failures by aspiring litigants to follow the rules and requirements of our courts."

12   *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

13   dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

14   order and noting "the weight of the docket-managing factor depends upon the size and load of the

15   docket, and those in the best position to know what that is are our beleaguered trial judges.").

16   Further, the Court determined that the operative complaint did not state any viable claim so this

17   factor does not weigh in Plaintiff's favor.

18         Finally, the Court's warning to a party that failure to obey the court's order will result in

19   dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

20   *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. As noted *supra*, the Court's

21   Screening Order and the Orders granting Plaintiff a further extension of time, expressly warned

22   Plaintiff that his failure to timely comply with the respective Orders would result in a

23   recommendation of dismissal of this action. Thus, Plaintiff had adequate warnings that dismissal

24   could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice,

25   which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.[3]

26   _____

27   [3] In addition to failing to state a claim, it appears that Plaintiff may have initiated this action before he exhausted his
     administrative remedies. (See Docs. No. 5, 9, 12). The Court elected not to resolve the administrative exhaustion
     issue, noting it was an affirmative defense. (Doc. No. 12 at 2). A review of the Court's files reveal that Plaintiff
     appears to have initiated a later new action raising similar claims at Case No. 1:25-cv-00959-SAB and may have

28   elected to abandon this case in lieu of proceeding in his later filed action.

1    After considering the factors set forth *supra* and binding case law, the undersigned

2    recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

3    Accordingly, it is **RECOMMENDED**:

4    This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this case

5    and/or obey a court order.

6

7    Dated:   September 24, 2025

8    HELENA M. BARCH-KUCHTA
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28